UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DOMINION RESOURCES SERVICES, INC.,
                                Plaintiff,

    v.

5K LOGISTICS, INC.,
                               Defendant.

Action No. 3:09–CV-315

MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant 5K Logistics, Inc.'s Motion to Dismiss Count II of Plaintiff's Complaint, Trespass to Chattels (Doc. No. 5). For the reasons below, this Court GRANTS Defendant's Motion WITHOUT PREJUDICE.

## I. BACKGROUND

On January 12, 2003, Defendant 5K Logistics, Inc ("5K") entered into a Master Service Contract ("Contract") with Plaintiff, Dominion Resource Services, Inc. ("Dominion"), whereby 5K agreed to transport tube bundles owned by Dominion from Chambersburg, Pennsylvania to Lusby, Maryland. The Contract stated the work "shall be performed subject to all the terms and conditions of the Agreement." (Compl. ¶ 7.) Specifically, 5K agreed "to perform all work in a good and workmanlike manner and to the full and complete satisfaction of the Purchaser," "to provide all reasonable protection to prevent damage, injury, or loss to" Dominion's goods, to perform the work "in accordance with sound engineering practices and professional standards, with due diligence and without undue delay or interruption," and to "take all reasonable precautions for the safety of" Dominion's goods. (Compl. ¶¶ 7–10 (citing Master Service

1

Contract, Articles 27–28).)  Further, 5K warranted the services would "meet the terms of the Agreement, and . . . be free from defects."  (Compl. ¶ 11.)

On August 24, 2006, pursuant to the parties' Contract, 5K arranged for Daily Express to transport Dominion's tube bundles to Maryland.  En route, one of the bundles fell off the truck and sustained damages in the amount of $192,072.50.  Plaintiff contends the damage was a result of Defendant's failure "to properly load, secure, and transport Dominion's tube bundles."  (Compl. ¶¶ 27–29.)  Accordingly, Dominion filed the entitled action on May 14, 2009.  Plaintiff's Complaint seeks recovery under two alternative theories—Breach of Contract (Count I), and Trespass to Chattels (Count II).  Defendant now moves to dismiss Count II of Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a claim, not the facts supporting it.  Conley v. Gibson, 355 U.S. 41, 45–46 (1957).  Thus, in ruling on a Rule 12(b)(6) motion, a court must regard all factual allegations in the complaint as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), as well as any facts that could be proved consistent with those allegations.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Judgment should be entered for the movant when the pleadings fail to state any cognizable claim for relief, and therefore, the issue can be decided as a matter of law.  Zeran v. America Online, Inc., 129 F.3d 327, 329 (4th Cir. 1997).  However, since the complaint must give the defendant fair notice of the claim and the grounds upon which it rests, the plaintiff must allege facts which show the claim is plausible, not merely

speculative. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 1966 (2007); see also Fed. R. Civ. P. 8(a)(2) (requiring pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (May 19, 2009) (quotations and citations omitted). While legal conclusions can provide the framework for a complaint, all claims must be supported by factual allegations. Id. Based upon these allegations, the court will determine whether the plaintiff's pleadings plausibly give rise to an entitlement to relief. Id. Legal conclusions couched as factual allegations are not sufficient, Twombly, 127 S. Ct. at 1964, nor are "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). Moreover, the plaintiff does not have to show a likelihood of success; rather, the complaint must merely allege—directly or indirectly—each element of a "viable legal theory." Twombly, 127 S.Ct. at 1969 n.8.

### III. ANALYSIS

Virginia law is sparse in relation to claims for trespass to chattels; nevertheless, the Commonwealth acknowledges the tort as a viable cause of action. See, e.g. Vines v. Branch, 244 Va. 185, 190 (1992) (recognizing a claim for trespass to chattels and its corresponding five-year statute of limitations).

A trespass to chattel occurs when a person has "illegally seized the personal property of another and converted it to his own use." Id.; see also Raven Red Ash Coal co. v. Ball, 185 Va. 534, 542 (1946). Typically, such tort occurs when a party

"intentionally uses or intermeddles with personal property in the rightful possession of another without authorization." America Online v. IMS, 24 F. Supp. 2d 548, 550 (E.D. Va. 1998) (citing Restatement (Second) of Torts § 217(b)). A person who commits such a tort is liable to its rightful possessor for actual damages suffered by reason of the loss. Vines, 244 Va. at 190.

In the present matter, Plaintiff contends that 5K transported Dominion's tube bundles to a designated facility in Lusby, Maryland, as required under the parties' Contract. (Compl. ¶¶ 14, 26–28.) Due to 5K's failure to properly load, secure, and transport the goods, one of the bundles fell and sustained over $190,000 in damage. Thus, Plaintiff alleges a claim for trespass to chattels. However, Defendant correctly notes that no where in the Complaint is it alleged that 5K "unlawfully" or "illegally" interfered or intermeddled with Dominion's property, a necessary element to a claim for trespass to chattels. Rather, Plaintiff's Complaint clearly states Dominion and 5K had a contractual relationship, whereby 5K was legally authorized to transport Dominion's property to Maryland. Accordingly, Plaintiff has failed to allege facts sufficient to state a claim for trespass to chattels.

In response to Defendant's Motion, Plaintiff argues that merely alleging Dominion "placed its goods in the custody of the Defendant, the Defendant improperly handled the goods, and the goods were damaged as a result" of Defendant's actions, states a claim for relief under any one of a variety of legal theories. (Pl.'s Response Mem. 3 (noting that pursuant to Rule 8(a)(2), Plaintiff's allegations are sufficient to "show that Dominion is entitled to relief" under any number of legal theories, including under a "theory of bailment, negligence, trespass to chattels, or other common law duty

4

of care").)  Further, Plaintiff contends that a claim for trespass to chattels may rest on a "mishandling" or "unauthorized use" of goods, even if the goods were lawfully placed in Defendant's hands.  Plaintiff is incorrect.  First, a claim for trespass to chattels must allege that a defendant "intentionally used or intermeddle[d] with personal property in the *rightful possession of another without authorization*." America Online, 24 F. Supp. 2d at 550 (emphasis added).  Plaintiff's contentions to the contrary are not found in law.  Further, though Plaintiff could have pled a number of legal theories, the Complaint alleges trespass to chattels.  Therefore to survive a motion to dismiss, Plaintiff must allege each element of this tort, a standard Plaintiff has not met.  Accordingly, Plaintiff has failed to state a claim for which relief may be granted, and therefore Defendant's Motion to Dismiss Count II is GRANTED WITHOUT PREJUDICE.

### III.  CONCLUSION

For the reasons stated above, this Court GRANTS WITHOUT PREJUDICE Defendant's Motion to Dismiss Count II of Plaintiff's Complaint, Trespass to Chattels.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

>  /s/
> James R. Spencer
> Chief United States District Judge

ENTERED this   7th    day of August 2009